859 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur Gilbert WILLIAMS, Petitioner-Appellant,
v.
COMMONWEALTH OF KENTUCKY; David L. Armstrong, Attorney
General of Kentucky, Respondents-Appellees.
 No. 88-5271.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1988.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 
 ORDER
 
 2
 Williams appeals the district court's judgment dismissing his petition for habeas corpus relief filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.Civ.P. 34(a).
 
 
 3
 Williams claimed that his plea of guilty to voluntary manslaughter was involuntary due to ineffective assistance of counsel and trial court coercion and error. The district court dismissed the petition as meritless concluding that petitioner's plea was voluntary and intelligent.
 
 
 4
 Upon review we conclude the district court properly dismissed the petition. The petitioner has failed to demonstrate that his counsel's performance fell below the objective level of reasonableness demanded of criminal defense attorneys, and that absent the asserted errors, he would have proceeded to trial to face a possible death penalty. See Hill v. Lockhart, 474 U.S. 52, 57 (1985). Petitioner has also failed to show that his counsel possessed an actual conflict of interest due to his dual professional status. See Cuyler v. Sullivan, 446 U.S. 335, 348-49 (1980). Finally, it is clear that petitioner's plea was not rendered involuntary by any coercion or error committed by the trial court. Under all the circumstances, petitioner's plea represents a voluntary and intelligent choice among his alternatives. Cf. North Carolina v. Alford, 400 U.S. 25, 31 (1970).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation